DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
*Attorneys for the Debtor*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Jonathan S. Pasternak, Esq.
Dawn Kirby, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:

FINGER LAKES CAPITAL PARTNERS, LLC,                  Chapter 11
                                                      Case No. 16-22112(RDD)
                      Debtor.
------------------------------------------------------------X

FINGER LAKES CAPITAL PARTNERS, LLC,

                      Plaintiff,
                                                      Adversary Proceeding
                v.                              No. 18-

JEFFREY KESWIN,

                      Defendant.
------------------------------------------------------------X

## **COMPLAINT**

Finger Lakes Capital Partners, LLC ("Plaintiff" or "Debtor"), as the Chapter 11 Debtor-in-Possession, by its attorneys, DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, files this complaint (the "Complaint") to avoid and recover preferential and/or fraudulent transfers against Jeffrey Keswin (the "Defendant" or "Keswin") and to disallow any claims held by the Defendant. In support of this Complaint, the Debtor hereby alleges upon information and belief that:

## NATURE OF THE CASE

1. This action is commenced pursuant to sections 502, 544, 547, 548, 550 and 551 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") to avoid and recover from Defendant, an insider of the Debtor, or from any other person or entity for whose benefit the transfer was made, a preferential and/or fraudulent transfer of property of the Debtor that occurred during the one-year period prior to the commencement of the Debtor's bankruptcy proceeding (the "Preference Period"). The Plaintiff seeks to, inter alia, avoid a lien filed by Defendant within the Preference Period and to preserve such lien for the benefit of the Debtor's estate

## JURISDICTION AND VENUE

2. This court has jurisdiction of this adversary proceeding, which arises under title 11, arises in and relates to the Chapter 11 Case (as defined herein) commenced in the United States Bankruptcy Court for the Southern District of New York (the "Court"). This adversary proceeding is a "core" proceeding to be heard and determined by this Court pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. § 1409.

3. The statutory and legal predicates for the relief sought herein are sections 502, 544, 547, 548 and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure.

4. Pursuant to Rule 7008 of the of the Federal Rules of Bankruptcy Procedure, Plaintiff states that it consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## THE PARTIES

5. The Debtor is a Delaware Limited Liability Company with offices currently located at 6214 Riverdale Avenue, Suite 2-C, Bronx, New York 10471.

6. Upon information and belief Keswin is an individual with a principal residence at 500 West End Avenue, #6A, New York, New York 10024.

7. Keswin is the managing member of Lyrical Opportunity Investment Fund, LLC ("Lyrical"), a member and creditor of the Debtor.

8. By virtue of, *inter alia*, Keswin's and Lyrical's acts and efforts to historically manage and/or control the Debtor and/or its assets, Keswin is an insider within the meaning of Section 101(31) of the Bankruptcy Code.

## BACKGROUND

9. On January 29, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). From and after the Petition Date, the Debtor continued to operate as debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

10. On August 1, 2006, the Debtor executed a document denominated a Secured Promissory Note in favor of Keswin in the stated principal amount of $1,000,000, of which only $400,000 was ever advanced (the "Note"). A copy of the Note is attached hereto as Exhibit "A".

11. In a separate Adversary Proceeding pending before this Court, Jeffrey Keswin v. Finger Lakes Capital Partners, LLC, (the "Keswin Note Case") (Adv. Pro. No. 16-08212), Plaintiff has asserted that its obligation under the Note, if any, was extinguished by virtue of Keswin being time barred from asserting the claim prior to the Petition Date This Action

3

is being brought in the event that Keswin's claim against the Debtor arising out of the Note is not dismissed in the Keswin Note Case, as the Debtor's time to commence this Action has been tolled only until April 30, 2018. Accordingly, this Action is being timely made under the Bankruptcy Code.

12. In 2006, when the Debtor executed the Note, no UCC financing statement was filed with the Delaware Secretary of State.

13. Instead, on June 17, 2015, within the Preference Period, Keswin filed a UCC-1 financing statement ("UCC-1") with the Delaware Secretary of State. A filed copy of the UCC-1 is annexed hereto as Exhibit "B".

14. The UCC allegedly grants Keswin a security interest and lien in and to, *inter alia*, all assets of the Debtor.

15. By order dated March 22, 2016, the Court established May 5, 2016 as the deadline to file certain proofs of claim in the Chapter 11 Case.

16. On May 4, 2016, Keswin filed a secured proof of claim in the Chapter 11 Case in the amount of $400,000 (the "Keswin Proof of Claim"). A copy of the Keswin Proof of Claim is annexed hereto as Exhibit "C".

### FIRST CLAIM FOR RELIEF
### (Avoidance And Preservation of Preferential Transfer
### 11 U.S.C. §§547(b) and 551)

17. The filing by Keswin, an insider of the Debtor, of the UCC-1 on June 17, 2015, within one (1) year before the Petition Date, and nearly ten (10) years after the Debtor executed the Note, constitutes, inter alia, a transfer of an interest in property of the Debtor during the Preference Period.

18. The filing of the UCC-1 was to or for the benefit of a creditor within the meaning of section 547(b)(1) of the Bankruptcy Code.

19. The filing of the UCC-1 was made for, or on account of, an antecedent debt or debts allegedly owed by the Debtor to Defendant before such UCC-1 filing, as asserted by Defendant and memorialized in the Note, which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant allegedly owed by the Debtor.

20. The Debtor is entitled to the presumption of insolvency with respect to the filing of the UCC-1 made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

21. As a result of the filing of the UCC-1, Defendant received more than Defendant would have received if: (a) the Debtor's case was under Chapter 7 of the Bankruptcy Code; (b) the UCC-1 filing had not been made; and (c) Defendant received payments of its alleged claim under the provisions of the Bankruptcy Code. As evidenced by the Debtor's schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Debtor's liabilities exceed its assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtor's bankruptcy estate.

22. By reason of the foregoing, the filing of the UCC-1 constitutes an avoidable transfer pursuant to section 547(b) and 550 of the Bankruptcy Code.

23. Plaintiff demands judgment avoiding the lien created by the UCC-1, and that the lien created by the UCC-1 be preserved for the benefit of the Debtor's estate pursuant to Section 551 of the Bankruptcy Code.

## SECOND CLAIM FOR RELIEF
### (Avoidance and Preservation of Fraudulent Transfer pursuant
### 11 U.S.C. Section 548(a) and 551)

24. The Debtor repeats and realleges each and every allegation contained in Paragraphs 1 through 24 above as if fully set forth herein.

25. With respect to the filing of the UCC-1 such transfer was made within two (2) years of the Petition Date.

26. The filing of the UCC-1 was made for less than reasonably equivalent value.

27. The filing of the UCC-1 was made to or for the benefit of an insider and not in the ordinary course of business.

28. By reason of the foregoing, pursuant to Bankruptcy Code §§ 548, 550 and 551, the filing of the UCC-1 constitutes an avoidable transfer pursuant to Sections 548(a) and 550 of the Bankruptcy Code.

**29.** Plaintiff demands judgment avoiding the filing of the UCC-1 and preserving the lien created by such filing pursuant to Section 551 of the Bankruptcy Code.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests that this Court grant it the following relief against Defendants: (i) on Plaintiff's First Claim for Relief, judgment in favor of the Debtor and against the Defendant that, pursuant to Sections 547 and 551 of the Bankruptcy Code, the filing of the UCC-1 be avoided and the underlying lien preserved for the benefit of the Debtor's estate; (ii) on Plaintiff's Second Claim for Relief, judgment in favor of the Debtor and against the Defendant that, pursuant to Sections 547 and 551 of the Bankruptcy Code, the filing of the UCC-1 be avoided and the underlying lien preserved for the benefit of the Debtor's estate; and (iii) such other and further relief as the Court deems just and proper.

Dated: White Plains, New York
February 5, 2018

                                        DELBELLO DONNELLAN WEINGARTEN
                                        WISE & WIEDERKEHR, LLP
                                        *Attorneys for the Debtor/Plaintiff*
                                        One North Lexington Avenue, 11th Floor
                                        White Plains, New York 10601
                                        (914) 681-0200

                                        By: */s/ Jonathan S. Pasternak*
                                            Jonathan S. Pasternak, Esq.

# EXHIBIT "A"

*This Promissory Note (this "Note") has not been registered under the Securities Act of 1933, as amended (the "Securities Act"), or the securities laws of any state. Neither this Note nor any interest therein may be sold, transferred, pledged or hypothecated except pursuant to an effective registration statement under the Securities Act and such registration or qualification as may be necessary under the securities laws of any jurisdiction or pursuant to a written opinion of counsel (which counsel and opinion shall be reasonably satisfactory to the Debtor) that such registration or qualification is not required.*

## SECURED PROMISSORY NOTE

**August 1, 2006**                                                                                           **$1,000,000**

FINGER LAKES CAPITAL PARTNERS, LLC, a Delaware Limited Liability Company ("Issuer" or the "Debtor"), for value received, hereby promises to pay in accordance with the provisions hereof to Jeffrey Keswin (the "Holder") or its permitted assigns the principal amount of ONE MILLION ($1,000,000) on the dates specified herein, with interest as specified herein. Gregory Shalov and Zubin Mehta (together, the "Principals") hereby personally guarantee Issuer's performance under this Note, including, but not limited to, the repayment of all principal and the payment of all interest hereunder.

This Note is subject to the following additional provisions, terms and conditions:

### ARTICLE 1.  DEFINITIONS.

1.1    Certain Definitions.

"Collateral" means any assets held by Issuer, its Principals, affiliates, and assigns, including, but not limited to, Issuer's $23,531.87 investment in Seneca Lake Acquisition LLC, its $50,000 investment in Keuka Lake Acquisition LLC, its $100,000 investment in Honeoye Acquisition LLC, and its right to receive a carried interest on any investments, whether made by Holder or any other party (the "Stock").

"Holder" has the meaning given to such term in the first paragraph of this Note.

"Maturity Date" means July 31, 2007.

"Maximum Rate" means the maximum nonusurious interest rate permitted under applicable law.

"Note" means this Secured Promissory Note made by the Debtor payable to the Holder, together with all amendments and supplements hereto, all substitutions and replacements herefor.

and all renewals, extensions, increases, restatements, modifications, rearrangements and waivers hereof from time to time.

### ARTICLE 2. BASIC TERMS.

2.1 Principal.

(a) Scheduled Repayment. The principal of this Note plus accrued interest shall be due and payable on the Maturity Date in an aggregate amount of One Million Two Hundred Thousand Dollars ($1,200,000) (the "Final Payment Amount").

(b) Right to Prepay. The Debtor shall have the right to prepay this Note in full or in part without penalty.

2.2 Interest.

(a) Interest will accrue on this Note from the date hereof (the "Issue Date") and will be payable in cash. The Debtor agrees to pay interest in respect of the unpaid principal amount of this Note at a rate per annum equal to the lesser of 20% and the Maximum Rate.

(b) Interest on the principal of this Note shall be due and payable (i) on the Maturity Date, (ii) upon the payment or prepayment, in full, of the principal of this Note, and (iii) after maturity (whether by acceleration or otherwise), on demand.

2.3 Use of Proceeds.

(a) The Principals represent and warrant that the proceeds of this Note will be used solely to satisfy existing debt obligations of Performance Trailers, Inc., unless otherwise agreed to in writing by Holder.

### ARTICLE 3. COLLATERAL.

3.1 Generally. As security for the payment of the indebtedness evidenced under this Note (the "Obligation"), Debtor hereby assigns and grants to Holder, to the extent permitted by applicable law, a continuing first priority lien on and security interest in, upon, and to the Collateral. For so long as any amount remains payable under this Note, Debtor will not sell, pledge or otherwise grant a security interest in the Stock. In the event of a sale, distribution, or liquidation of any or all of the Collateral, all proceeds will go directly to the Holder until this note has been repaid in full and all accrued interest has been paid.

3.2 Lien Documents. As Holder deems necessary in its sole discretion, Debtor shall execute and deliver to Holder, or have executed and delivered (all in form and substance satisfactory to Holder in its sole discretion): any other agreements, documents, instruments, and writings deemed necessary by Holder or as Holder may otherwise request from time to time in its

2

0130260005 DALLAS 295902 v1

reasonable discretion to evidence, perfect, or protect Holder's lien and security interest in the Collateral required hereunder.

3.3  Power of Attorney. Upon the failure of Debtor to pay the Final Payment Amount on the Maturity Date, Holder is hereby irrevocably made, constituted and appointed the true and lawful attorney for Debtor (without requiring any of them to act as such) with full power of substitution to do the following: (i) execute in the name of Debtor any financing statements, schedules, assignments, instruments, documents, and statements that Debtor is obligated to give Holder hereunder; and (ii) do such other and further acts and deeds in the name of Debtor that may be reasonably necessary or desirable to enforce any Collateral or perfect Holder's security interest or lien in any Collateral, including, without limitation, causing the Stock to be transferred to an account of Holder.

## ARTICLE 4.  MISCELLANEOUS.

4.1  Amendment. This Note may be amended, modified, superseded or canceled, and any of the terms, covenants, representations, warranties or conditions hereof and thereof may be waived only by a written instrument executed by the Debtor and the Holder.

4.2  Successors and Assigns.

(a)  The rights and obligations of the Debtor and the Holder under this Note shall be binding upon, and inure to the benefit of, and be enforceable by, the Debtor and the Holder, and their respective permitted successors and assigns.

(b)  The registered owner of this Note may be treated as the owner of this Note for all purposes.

4.3  GOVERNING LAW. THIS NOTE AND THE VALIDITY AND ENFORCEABILITY HEREOF SHALL BE GOVERNED BY AND CONSTRUED AND INTERPRETED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK WITHOUT GIVING EFFECT TO CONFLICT OF LAWS RULES OR CHOICE OF LAWS RULES THEREOF EXCEPT SECTION 5-1401 OF THE NEW YORK GENERAL OBLIGATIONS LAW.

4.4  Waivers. Except as may be otherwise provided herein, the makers, signers, sureties, guarantors and endorsers of this Note severally waive demand, presentment, notice of dishonor, notice of intent to demand or accelerate payment hereof, notice of acceleration, diligence in collecting, grace, notice, and protest, and agree to one or more extensions for any period or periods of time and partial payments, before or after maturity, without prejudice to the Holder.

4.5  No Waiver by Holder. No failure or delay on the part of the Holder in exercising any right, power or privilege hereunder and no course of dealing between the Debtor and the Holder shall operate as a waiver thereof; nor shall any single or partial exercise of any right, remedy, power or privilege hereunder preclude any other or further exercise thereof or the exercise of any other right, remedy, power or privilege.

3

18-08213-rdd    Doc 1    Filed 02/06/18    Entered 02/06/18 15:13:58    Main Document
Pg 12 of 18

4.6  **Limitation on Interest.** Notwithstanding any other provision of this Note, interest on the indebtedness evidenced by this Note is expressly limited so that in no contingency or event whatsoever, whether by acceleration of the maturity of this Note or otherwise, shall the interest contracted for, charged or received by the Holder exceed the maximum amount permissible under applicable law. If from any circumstances whatsoever fulfillment of any provisions of this Note or of any other document evidencing, securing or pertaining to the indebtedness evidenced hereby, at the time performance of such provision shall be due, shall involve transcending the limit of validity prescribed by law, then, ipso facto, the obligation to be fulfilled shall be reduced to the limit of such validity, and if from any such circumstances the Holder shall ever receive anything of value as interest or deemed interest by applicable law under this Note or any other document evidencing, securing or pertaining to the indebtedness evidenced hereby or otherwise an amount that would exceed the highest lawful rate, such amount that would be excessive interest shall be applied to the reduction of the principal amount owing under this Note or on account of any other indebtedness of the Debtor to the Holder, and not to the payment of interest, or if such excessive interest exceeds the unpaid balance of principal of this Note and such other indebtedness, such excess shall be refunded to the Debtor. In determining whether or not the interest paid or payable with respect to any indebtedness of the Debtor to the Holder, under any specific contingency, exceeds the highest lawful rate, the Debtor and the Holder shall, to the maximum extent permitted by applicable law, (a) characterize any non-principal payment as an expense, fee or premium rather than as interest, (b) exclude voluntary prepayments and the effects thereof, (c) amortize, prorate, allocate and spread the total amount of interest throughout the term of such indebtedness so that the actual rate of interest on account of such indebtedness does not exceed the maximum amount permitted by applicable law, and/or (d) allocate interest between portions of such indebtedness, to the end that no such portion shall bear interest at a rate greater than that permitted by applicable law. The terms and provisions of this paragraph shall control and supersede every other conflicting provision of this Note and all other agreements between the Debtor and the Holder.

EXECUTED as of the date first written above.

_____
Finger Lakes Capital Partners, LLC
By:   Greg Shalov
       Managing Partner

_____
Greg Shalov

_____
Zubin Mehta

4

0132260005 DALLAS 306902-v1

citigroup
private bank

SORT 2505
NEW YORK, N.Y. 10043

JEFFREY KESWIN
C/O LYRICAL PARTNERS
152 WEST 57TH ST, 33RD FL
NEW YORK NY                10019
10019

## WIRE TRANSFER DEBIT ADVICE

VALUE DATE: AUGUST 1, 2006
TRANSACTION AMOUNT US$:      400,000.00      FED REFERENCE #: 20060801B1Q8023C007597
DEBIT ACCOUNT #:  41430082                   RECEIVING BANK #: 026009593
DEBIT NAME:                                  RECEIVING BANK NAME:
JEFFREY KESWIN                               BANK OF AMERICA N.A.

BENEFICIARY INFO:                            THIRD PARTY:
004633916013                                 NATIONS BANK
FINGER LAKES CAPITAL                         063100277
PARTNERS LLC


DETAILS OF PAYMENT:
REF: JEFFREY KESWIN


BBI:


FOR INQUIRIES RELATED TO THIS PAYMENT, CALL YOUR SERVICE OFFICER.

BTK#: 947031071804       GLOBAL ID#: G0062133750301

# EXHIBIT "B"

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
2124904100

**B. SEND ACKNOWLEDGMENT TO:** (Name and Address)

STORCH AMINI & MUNVES PC
140 EAST 45TH STREET
25TH FLOOR
NEW YORK, NY 10017

*DELAWARE DEPARTMENT OF STATE*
*U.C.C. FILING SECTION*
*FILED 06:26 PM 06/17/2015*
*INITIAL FILING # 2015 2605714*

*SRV: 150936833*

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

- **1a. ORGANIZATION'S NAME:** FINGER LAKES CAPITAL PARTNERS, LLC
- **1c. MAILING ADDRESS:** 168A IRVING AVENUE
- **CITY:** PORT CHESTER
- **STATE:** NY
- **POSTAL CODE:** 10573
- **COUNTRY:** US

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - (blank)

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P)

- **3b. INDIVIDUAL'S LAST NAME:** KESWIN
- **FIRST NAME:** JEFFREY
- **3c. MAILING ADDRESS:** 500 WEST END AVENUE #6A
- **CITY:** NEW YORK
- **STATE:** NY
- **POSTAL CODE:** 10024
- **COUNTRY:** US

**4. This FINANCING STATEMENT covers the following collateral:**

Any assets held by Finger Lakes Capital Partners, LLC, its Principals, affiliates, and assigns, including, but not limited to, Finger Lakes Capital Partners, LLC's $23,531.87 investment in Seneca Lake Acquisition LLC, its $50,000 investment in Keuka Lake Acquisition LLC, its $100,000 investment in Honeoye Acquisition, LLC, and its right to receive a carried interest on any investments, whether made by Jeffrey Keswin.

# EXHIBIT "C"

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | | **PROOF OF CLAIM** |
|---|---|---|
| Name of Debtor:<br>Finger Lakes Capital Partners, LLC | Case Number:<br>16-22112 | |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Jeffrey Keswin

**COURT USE ONLY**

Name and address where notices should be sent:
Storch Amini & Munves PC, Attn: Avery Samet
140 East 45th Street, 25th Floor
New York, New York 10017

Telephone number: (212) 490-4100    email: asamet@samlegal.com

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
(*If known*)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:    email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**    $400,000 in principal plus interest at the rate of 20% per annum from Aug. 1, 2006 to Jan. 29, 2016

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**    Secured Promissory Note
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: | 3a. Debtor may have scheduled account as:<br>Jeffrey Keswin<br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br>_____<br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☑ Other
Describe: First priority lien on all of debtor's assets

Value of Property: $_____

Annual Interest Rate _____% ☐ Fixed or ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$_____

Basis for perfection: Financing Statement

Amount of Secured Claim:    $_____

Amount Unsecured:    $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

Amount entitled to priority:
$_____

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(___).

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B10 (Official Form 10) (04/13) 2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain: See ECF No. 3-1 for copies of the note, financing statement, and wire transfer debit advice

**8. Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor.    ☐ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Jeffrey Keswin
Title:
Company:
Address and telephone number (if different from notice address above):    (Signature)    05/04/2016 (Date)

Telephone number:    email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

### INSTRUCTIONS FOR PROOF OF CLAIM FORM
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.